# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD FUNK, | : | CIVIL NO. 1:CV-10-0915 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CHARLES CUSTER, et al., | : | |
| Defendants | : | |

## MEMORANDUM

**I.     Background**

Gerald Funk, an inmate at the State Correctional Institution at Coal Township (SCI-Coal Township), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are Jeffery Beard, Secretary of the Pennsylvania Department of Corrections, and Dr. Stanish, a physician contracted to provide medical services to SCI-Coal Township inmates. Also named as Defendants are SCI-Coal Township employees David Varano, Superintendent, and Charles Custer and John Dunn, Unit Managers. The matter proceeds on an amended complaint wherein Funk alleges that Defendants violated his First and Eighth Amendment rights when they subjected him to environmental tobacco smoke ("ETS") against physician's orders, and retaliated against him for filing grievances and complaining about said exposure. (Doc. No. 17.) On August 10, 2010, Defendant Stanish filed a motion to dismiss the amended complaint. (Doc. No. 18.) This motion is fully briefed, and will be addressed by the Court in a separate Memorandum and Order. The instant Memorandum will address several outstanding motions pertaining to a motion to dismiss filed by the Corrections Defendants on August 19, 2010, and a motion for temporary restraint order/preliminary injunction filed by Plaintiff on September 28,

2010 (Doc. No. 32).[1]

## II. Discussion

### A. Corrections Defendants' Motion to Dismiss the Amended Complaint

On August 19, 2010, the Corrections Defendants moved to dismiss the amended complaint. (Doc. No. 23.) Prior to the time a supporting brief was due to be filed, Plaintiff filed his opposition brief on September 2, 2010. (Doc. No. 24.) On the same date, Defendants filed a motion for extension of time within which to submit their supporting brief. This motion was granted on September 8, 2010, and Defendants afforded until September 13, 2010 to file their brief in support of the motion to dismiss. (Doc. No. 27.) A supporting brief was thereafter timely filed by Defendants on September 13, 2010. (Doc. No. 28.) Pending is Plaintiff's motion to strike and dismiss the Defendants' motion to dismiss. (Doc. No. 37.) Plaintiff argues that he has never been served with a supporting brief by Defendants, and that throughout this action Defendants have repeatedly failed to serve him with briefs in support of their motions. As relief he requests that Defendants' motion to dismiss be stricken and that sanctions be imposed against them.

In reviewing the docket in this case it is clear that Defendants timely moved for an enlargement of time within which to file their supporting brief and thereafter timely submitted their brief. In addition, a proper certificate of service is attached not only to Defendants' supporting brief, but also to the other documents Defendants have filed in this action. For these

---

[1] Also pending is a motion filed by the Corrections Defendants for an extension of time until October 12, 2010, to respond to Plaintiff's Request for Admissions. (Doc. No. 36.) The motion will be granted nunc pro tunc. The Court assumes that Defendants have served their responses on Plaintiff by this time. If they have not done so, they are to serve their responses within ten (10) days.

2

reasons, Plaintiff's motion to strike the motion to dismiss (Doc. No. 37) will be denied. Further, the Clerk of Court will be directed to provide Plaintiff with a copy of Defendants' brief in support of motion to dismiss the amended complaint (Doc. No. 28). Plaintiff will also be afforded fourteen (14) days within which to supplement his previously submitted brief in opposition to Defendants' motion to dismiss.

### B. Plaintiff's Motion for Injunctive Relief

Also pending is a motion Plaintiff filed on September 28, 2010, for temporary restraining order and preliminary injunction (Doc. No. 32). In support of the motion he filed a declaration (Doc. No. 33) and a lengthy supporting memorandum of law. Thereafter, Plaintiff filed a nunc pro tunc motion seeking permission from the Court to exceed the allowable page limitation with respect to the supporting memorandum submitted. (Doc. No. 35). This motion will be granted, and the supporting Memorandum of Law submitted by Plaintiff on September 28, 2010 (Doc. No. 34) accepted by the Court.

Plaintiff has also filed a motion seeking an enlargement of time until November 15, 2010, to serve his motion for injunctive relief and supporting documents on the Defendants in this action. (Doc. No. 38.) In support of this motion he argues that prison officials have continuously thwarted his efforts to obtain paper to prepare copies of his documents for purposes of service. In addition, he maintains that due to his indigent status, he is unable to afford any copying and mailing charges at this time. In an effort to move this case along, the Clerk of Court will be directed to provide Defendants with a copy of Plaintiff's motion for injunctive relief and supporting documents. (Doc. Nos. 32-34.) Plaintiff's motion for extension of time will therefore be denied as moot. Defendants are directed to respond to Plaintiff's motion within

fourteen (14) days.   An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD FUNK, | : | CIVIL NO. 1:CV-10-0915 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CHARLES CUSTER, et al., | : | |
| Defendants | : | |

# ORDER

**AND NOW, THIS 6th DAY OF December, 2010,** in accordance with the attached Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendants' motion for extension of time to respond to Plaintiff's Request for Admissions (Doc. No. 36) is **granted**, and the responses submitted by Defendants to the outstanding discovery are deemed timely.

2. Plaintiff's motion to strike and dismiss Defendants' motion to dismiss (Doc. No. 37) is **denied**. The Clerk of Court is directed to provide Plaintiff with a copy of Defendants' brief in support of their motion to dismiss (Doc. No. 28).

3. Plaintiff may file a supplement to his brief in opposition to Defendants' motion to dismiss within fourteen (14) days if he so desires.

4. Plaintiff's nunc pro tunc motion to exceed the page limitation in his brief in support of motion for injunctive relief (Doc. No. 35) is **granted**. The memorandum of law submitted by Plaintiff on September 28, 2010, is accepted by the Court.

5. Plaintiff's motion for enlargement of time until November 15, 2010, to serve on Defendants a copy of his motion for preliminary injunctive relief and supporting documents (Doc. No. 38) is **denied as moot**. The Clerk of Court is directed to provide all Defendants with a copy of Plaintiff's motion for injunctive relief and documents in support thereof. (Doc. Nos. 32-34.)

6. Within fourteen (14) days from the date of this order Defendants shall respond to Plaintiff's motion for injunctive relief.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania