IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD FUNK, | : | CIVIL NO. 1:CV-10-0915 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CHARLES CUSTER, et al., | : | |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

   Gerald Funk, an inmate confined at the State Correctional Institution at Somerset, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on an amended complaint wherein he sets forth allegations against Jeffery Beard, former Secretary of the Pennsylvania Department of Corrections, and several employees at SCI-Coal Township, Pennsylvania, his former place of confinement. He alleges that Defendants violated his First and Eighth Amendment rights when they subjected him to environmental tobacco smoke in violation of a medical order and retaliated against him for filing grievances and complaints with respect to the exposure. On March 31, 2011, the Court issued a Memorandum and Order granting a partial motion to dismiss the amended complaint filed on behalf of Corrections Defendants Beard, Custer, Varano and Dunn. (Doc. No. 50.) Specifically, all claims set forth against these Defendants in their official capacities for monetary damages were dismissed as were all claims set forth against Beard in this action. In addition, the Court denied a motion to dismiss the amended complaint filed on behalf of Defendant Dr. Stanish. Since the issuance of the March 31, 2011 opinion, Defendants Custer, Varano, Dunn and Stanish have filed answers to the amended complaint. (Doc. Nos. 52, 57.) Presently pending on the docket are Plaintiff's motion

for declaratory judgment (Doc. No. 43) and motion to compel responses to outstanding discovery requests (Doc. No. 48).

Without unnecessary elaboration, Plaintiff's motion for declaratory judgment will be denied. In the motion he requests the Court to make certain declarations including findings that Defendants have violated his statutory and Eighth Amendment rights by failing to provide him with a smoke free environment, despite medical orders not to expose him to cigarette smoke. This the Court will not do. Any such motion is procedurally improper. Plaintiff attempts to circumvent the adjudication on the merits of the claims in this action through the proper channels of discovery, pre-trial motions and/or trial. The Court has ruled upon Defendants' motions to dismiss in this case, and the claims are proceeding with respect to all Defendants except Beard. The parties are currently engaging in discovery at this time. The procedural posture of this case is that evidence is being gathered and developed by the parties, and any request at this stage to bypass the litigation process is improper. Following the close of discovery, the parties will be afforded the opportunity to file any appropriate dispositive motions along with supporting evidentiary materials. For these reasons, Plaintiff's motion will be denied.[1]

Plaintiff has also filed a motion to compel discovery in this action. (Doc. No. 48.) The motion appears to be directed at the Corrections Defendants and not at Defendant Stanish. In the motion, Plaintiff maintains that Corrections Defendants have failed to respond in any fashion to outstanding requests for admissions and the production of documents, and have yet to provide

---

[1] The Court also notes that there is no sense of urgency in resolving Plaintiff's claims in that he is no longer confined at SCI-Coal Township where the alleged exposure to tobacco smoke took place.

responses to interrogatories.[2]  He sets forth a list of all outstanding discovery requests in his supporting brief.  (Doc. No. 49 at 3.)   Defendants have failed to oppose the motion to compel.  As such, the motion will be granted to the extent that Defendants will be directed to provide Plaintiff with responses to all outstanding discovery requests.  The only exception is with respect to any requests served upon Defendant Beard since he has been dismissed from this action.[3]  Defendants are to provide Plaintiff with their responses within twenty (20) days.

**AND NOW, THIS 12th  DAY OF SEPTEMBER, 2011, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's motion for declaratory judgment (Doc. No. 43) is **denied**.

2. Plaintiff's motion to compel (Doc. No. 48) is **granted** to the extent that the Corrections Defendants are directed to respond to all outstanding discovery requests within twenty (20) days from the date of this order.

3. All discovery in this case shall be completed within sixty (60) days from the date of this order.  Any dispositive motions shall be filed within thirty (30) days from the close of discovery.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania

---

[2]  Plaintiff also complains that Defendants have failed to oppose his motion for temporary restraining order.  The Court need not address this point in that subsequent to the filing of the instant motion Plaintiff withdrew his motion for temporary restraining order.  (Doc. No. 60.)

[3]  Since Plaintiff filed his motion to compel some time ago, it is possible that Defendants have, in fact, provided Plaintiff with the outstanding discovery responses.  If this is the case, Defendants shall so advise the Court.