IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD FUNK,** | : | CIVIL NO. 1:CV-10-0915 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **CHARLES CUSTER, et al.,** | : | |
| Defendants | : | |

## MEMORANDUM

In this civil rights action filed pursuant to 42 U.S.C. § 1983, Gerald Funk ("Funk") alleges that Defendants violated his First and Eighth Amendment rights when they subjected him to environmental tobacco smoke and retaliated against him for filing grievances and complaining about his exposure. The matter proceeds on an amended complaint. (Doc. No. 17.) Remaining as Defendants in this action are David Varano, Charles Custer and John Dunn, all employees at State Correctional Institution at Coal Township at the relevant time, and Dr. Stanish, a physician contracted to provide medical services to SCI-Coal Township inmates. Presently pending is Defendants' Joint Motion for a Protective Order. (Doc. No. 79.)

**I.    Background**

On March 31, 2011, the Court issued an order addressing motions to dismiss filed by the Corrections Defendants and Stanish. The Corrections Defendants' motion was granted in that all claims set forth against them in their official capacities for money damages were dismissed, as well as all claims set forth against Jeffrey Beard, former Secretary of the Pennsylvania Department of Corrections. (Doc. No. 50.) All other claims with respect to Varano, Custer and Dunn were ordered to proceed. In addition, the motion to dismiss filed by Stanish was denied. Following the filing of answers to the amended complaint, a scheduling order was issued on

September 12, 2011, directing that all discovery be completed within sixty (60) days and any dispositive motions filed within thirty (30) days from the close of discovery. (Doc. No. 65.) On October 4, 2011 and October 20, 2011, motions filed by the Corrections Defendants for enlargements of time to respond to Plaintiff's discovery requests were granted. (Doc. Nos. 69, 71.) Thereafter, on October 25, 2011, a motion filed by Defendants to depose Plaintiff was granted. (Doc. No. 73.) On November 9, 2011, the Corrections Defendants moved to enlarge the discovery and dispositve motions deadlines.[1] The Court granted Defendants' motion and enlarged the discovery period to November 28, 2011, and the dispositive motions deadline to December 28, 2011. (Doc. No. 78.)

On December 19, 2011, Defendants jointly filed the pending motion for a protective order. (Doc. No. 79.) In the motion, Defendants request an order from the Court stating that they are not required to respond to discovery requests served upon them by Funk on or about November 18, 2011. Defendants argue that the requests are untimely in that they were served ten (10) days prior to the expiration of the November 28, 2011 discovery deadline, thus not accounting for the time for responding to the requests prior to the conclusion of discovery on November 28, 2011.

**II. Discussion**

Without unnecessary elaboration, the motion for protective order wil be denied for the following reasons. Federal Rule of Civil Procedure 26(c) provides that a court may, for good

---

[1] Defendants requested the enlargement because on November 5, 2011, Funk directed a request slip to the Superintendent's Assistant at SCI-Somerset, his current place of confinement, requesting an additional opportunity to review documents that had previously been produced to him for the purpose of preparing for his deposition. (See Doc. No. 76.)

cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26 9(c). A party seeking a protective order under Rule 26 has the burden of establishing good cause. See also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)("In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection.").

In the instant case, Funk is proceeding pro se. Defendants have moved for the enlargement of the discovery period on several occasions. The latest scheduling order directed that discovery be concluded by November 28, 2011. During the discovery period, both Funk and Defendants have served discovery upon each other. While it is true that Funk submitted the challenged requests ten (10) days prior to the expiration of this deadline, the requests are extremely short. (Doc. No. 79-2 at 1-6.) In fact, he directs two (2) interrogatory questions to Defendants Custer and Varano, three (3) interrogatory questions to Defendant Dunn, and one (1) interrogatory question to Defendant Stanish. The questions appear to be direct and not requiring much time by way of response. In light of this fact coupled with Funk's pro se status and that requiring Defendants to respond will not overly extend the duration of this case, the Court will deny the pending motion for protective order. Defendants will be directed to provide responses to the challenged discovery requests within thirty (30) days. The pending motions for summary judgment filed by Defendants will be denied, without prejudice to renew, following the conclusion of discovery in this case.[2] An appropriate order follows.

---

[2] No briefs or other supporting documents have been filed by Defendants in support of their motions for summary judgment. Following the conclusion of discovery in this case, the parties may renew their pending motions for summary judgment or file new dispositive motions

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD FUNK,** | : | **CIVIL NO. 1:CV-10-0915** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **CHARLES CUSTER, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 28th day of June, 2012, upon consideration of Defendants' Joint Motion for a Protective Order (Doc. No. 79), **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The motion for protective order (Doc. No. 79) is **denied**.

2. Within thirty (30) days from the date of this order, Defendants shall provide Plaintiff with responses to the discovery requests served on or about November 18, 2011.

3. Defendants' pending motions for summary judgment (Doc. Nos. 80, 81) are **denied without prejudice to renew** following the conclusion of discovery in this matter.

```
                                    S/ Yvette Kane
                                    YVETTE KANE, Chief Judge
                                    Middle District of Pennsylvania
```

---

and a briefing schedule will be imposed.