**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERALD FUNK,** | : | **CIVIL NO. 1:CV-10-0915** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **CHARLES CUSTER, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

On April 29, 2010, Gerald Funk ("Funk"), an inmate confined at the State Correctional

Institution at Somerset, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.

The matter proceeds on an amended complaint wherein Funk sets forth allegations against

Jeffery Beard, former Secretary of the Pennsylvania Department of Corrections, and several

employees at SCI-Coal Township, Pennsylvania, his former place of incarceration.  In the

amended complaint Funk alleges that Defendants violated his First and Eighth Amendment

rights when they subjected him to environmental tobacco smoke in violation of a medical order

and retaliated against him for filing grievances and complaints with respect to the exposure.

Presently pending is a document submitted by Funk entitled "Plaintiff's Termination of

Lawsuit."  (Doc. No. 104.)  This filing will be construed as a motion to voluntarily dismiss this

action pursuant to Federal Rule of Civil Procedure 41(a)(2).  The motion will be granted and, for

the reasons that follow, the dismissal will be with prejudice.

## I.     Background

The complaint in this action was filed over two and one-half years ago.  Motions to

dismiss filed by the Defendants have been addressed, and some claims and Defendants have

been dismissed from this action.  (Doc. No. 50, 3/31/11 Memorandum.)  Answers to the

amended complaint were thereafter filed.  (Doc. Nos. 52, 57.)  Discovery has taken place with

respect to the surviving claims, including the deposition of Funk, and discovery disputes have

been resolved by the Court.  (Doc. Nos. 65, 93.)  The deadlines for the conclusion of discovery

and the filing of dispositive motions has been extended several times.  On August 27, 2012,

Defendants filed motions for summary judgment in this matter.  (Doc. Nos. 95, 96.)  Briefs,

statements of material fact and evidentiary materials have also been filed in support of the

motions.  (Doc. Nos. 98, 100-102.)  Funk has not filed any opposition to the motions.  Rather, on

September 27, 2012, he filed a document wherein he requests to terminate this lawsuit.  In his

filing, he states that his workload and related monetary expenses have increased with respect to

his pro se criminal PCRA proceedings and appeals, and that he is unable to proceed with this

civil action.  He states his desire to terminate this lawsuit so that he can concentrate on his

criminal cases.

## II.    Discussion

The Court will construe "Plaintiff's Termination of Lawsuit" (Doc. No. 104) as a request

for voluntary dismissal of this action.  Due to the procedural posture of this matter, the dismissal

shall be pursuant to Fed. R. Civ. P. 41(a)(2), and will be with prejudice.  Rule 41 which

addresses the dismissal of actions provides as follows:

(a)    Voluntary Dismissal.

(1)    By the Plaintiff.

(A) Without a Court Order.  Subject to Rules 23(e), 23.1(c), 23.2,
and 66 and any applicable federal statute, the plaintiff may dismiss
an action without  court order by filing:

(i)   a notice of dismissal before the opposing party serves either an
answer or a motion for summary judgment; or

2

> (ii) a stipulation of dismissal signed by all parties who have
> appeared.
>
> (B) Effect.  Unless the notice or stipulation states otherwise, the
> dismissal is without prejudice.  But if the plaintiff previously
> dismissed any federal- or state-court action based on or including
> the same claim, a notice of dismissal operates as an adjudication
> on the merits.
>
> (2)    By Court Order; Effect.  Except as provided in Rule 41(a)(1), an
> action may be dismissed at the plaintiff's request only by court
> order, on terms that the court considers proper. . . . Unless the
> order states otherwise, a dismissal under this paragraph (2) is
> without prejudice.

Fed. R. Civ. P. 41(a).  Procedurally, Rule 41(a)(1) is not available to Funk because Defendants have filed their answers to the amended complaint.  Consequently, his request for termination of this action will be construed as a request for voluntary dismissal pursuant to Rule 41(a)(2) and requires a court order.  Defendants have filed a response to Funk's notice of voluntary dismissal and concur therein.  They request, however, that the dismissal of this lawsuit be with prejudice based upon the procedural posture of the action and the time and expenses involved in defending the claims.  Due to the extent to which this matter has been litigated, and taking into consideration the judicial and other legal resources that have been invested to this point, the Court agrees with Defendants that it is appropriate that the dismissal be with prejudice.

It is well within a court's discretion to grant the dismissal with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.  See Chodorow v. Roswick, 160 F.R.D. 522, 523 (E.D. Pa. 1995).  Factors to be considered in deciding whether to grant the dismissal with prejudice include: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the

motion to voluntarily dismiss and his explanation therefore; and (5) the pendency of a dispositive motion by the non-moving party.  <u>See</u> <u>Dodge-Regupol, Inc. v. RB Rubber Products, Inc.</u>, 585 F. Supp. 2d 645, 652 (M.D. Pa. 2008).  After more than two (2) years of litigating this matter, Funk has decided he would rather put his time and money into pursuing challenges with respect to his criminal cases.  Even assuming the statute of limitations would not bar any resurrection of the claims raised herein, it would be prejudicial to Defendants to defend these claims again.  For these reasons, Funk's motion will be granted, and the case will be dismissed with prejudice.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD FUNK, | : | CIVIL NO. 1:CV-10-0915 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| CHARLES CUSTER, et al., | : | |
| Defendants | : | |

## <u>ORDER</u>

**AND NOW, THEREFORE, THIS 14th DAY OF NOVEMBER, 2012,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. "Plaintiff's Termination of Lawsuit" (Doc. No. 104) is construed to be a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2) and is **granted.** This action is **dismissed with prejudice** pursuant to Fed. R. Civ. P. 41(a)(2).

2. Defendants' motions for summary judgment (Doc. Nos. 95, 96) are **denied as moot**.

3. The Clerk of Court is directed to **close this case**.


S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania